IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

| | | | |
|---|---|---|---|
| Civil Action No: | 13-cv-02340-CMA-KMT | Date: | July 28, 2015 |
| Courtroom Deputy: | Sabrina Grimm | FTR: | Courtroom C-201 |

*Parties:*                                                                 *Counsel:*

EQUAL EMPLOYMENT OPPORTUNITY                        Iris Halpern
COMMISSION,                                                           Wasan Awad

   Plaintiff,

v.

JETSTREAM GROUND SERVICES, INC.,                    Andrew Volin
                                                                                     Matt Morrison

   Defendant.

**COURTROOM MINUTES**

**MOTION HEARING**

**1:29 p.m.**      **Court in session.**

Court calls case.  Appearances of counsel.

Also present, Hunter Swain, on behalf of the Plaintiff Intervenors.

Discussion and argument regarding insurance charts, insurance companies, deposition topics, insurance costs, and clarification on the topics that are excluded from trial.

The court finds:  The court previously held that insurance charts were to be excluded as evidence because the original production of the summary charts was too late in the discovery process. (See Doc. No. 134, Minutes February 25, 2015.)  The court finds that summary, line-item charts which are created by the insurance companies regarding specific workers compensation injuries will not be admissible for any purpose unless the documents which support the line items in the charts have been produced to the Plaintiff during the discovery period.  To the extent the insurance companies maintained "claim files" in their possession as part of the management of a worker's compensation claim on behalf of Jetstream, this fact should have been disclosed early in discovery and those claim files should have been produced to Plaintiff unless otherwise objectionable.  Instead, Plaintiffs did not learn until very late in the discovery period that such files and documentation was in the possession of the non-party insurance carriers, not in the possession of Jetstream.  To the extent the insurance company claim files contain underlying evidence supporting the "charts" or summaries sent to their client Jetstreem, that evidence was

not produced to the Plaintiff in discovery in response to requests for injury records and claim files.  The Defendant is prohibited from using or relying on information contained in an insurance company summary chart if the underlying supporting **evidence** was not produced to Plaintiff in response to Plaintiff's propounded discovery requests.

**ORDERED:** **Plaintiff EEOC's Motion for Sanctions under Rules 30 and 37 of the Federal Rules of Civil Procedure [156] is GRANTED IN PART consistent with the record.**

**ORDERED:** **Plaintiff shall complete the Graves deposition, as discussed, on or before August 31, 2015.**

**2:59 p.m.** **Court in recess.**

Hearing concluded.
Total in-court time    01:30
*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.