**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02340-CMA-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

SAFIA ABDULLE ALI,
SAHRA BASHI ABDIRAHMAN,
HANA BOKKU,
SADIYO HASSAN JAMA, and
SAIDA WARSAME, a/k/a AMINO WARSAME,

     Plaintiff Intervenors,

v.

JETSTREAM GROUND SERVICES, INC.,

     Defendant.

---

**ORDER GRANTING JOINT MOTION FOR LEAVE TO FILE PROPOSED AMENDED
FINAL PRETRIAL ORDER AND WITHDRAW THE EEOC'S FED. R. EVID. 702
MOTIONS TO EXCLUDE THE OPINIONS OF TWO OF DEFENDANT'S EXPERTS**

---

     This matter is before the Court on the parties' Joint Motion for Leave to File

Proposed Amended Final Pretrial Order and Withdraw the EEOC's Fed. R. Evid. 702

Motions to Exclude the Opinions of Two of Defendant's Experts.  (Doc. # 206.)  For the

reasons explained below, the Court grants the instant Motion.

## I.  <u>BACKGROUND</u>

The Court adopted a Final Pretrial Order on May 12, 2015.  (Doc. # 147.)  That Order noted that "Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, **and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice."** (*Id.* at 44) (emphasis added).  In that Order, Plaintiff Equal Employment Opportunity Commission (the EEOC) indicated that it would bring claims for: (1) disparate treatment, including failure to hire some of the aggrieved individuals, and discharge of one other; (2) failure to accommodate the religious practice of wearing hijabs; (3) failure to accommodate the religious practice of wearing long skirts; and (4) retaliation.  In addition to these claims, Plaintiff-Intervenors also stated that they would ask the jury to determine whether Intervenors had been discriminated against because of sex-plus-religion.  (Id. at 2–9.)

On September 29, 2015, this Court ruled on summary judgment, holding, *inter alia*, that it was not unduly burdensome for JetStream to allow its workers to wear hijabs as a religious accommodation if they are tucked in to a shirt and secured to the head. (Doc. # 184 at 58.)  The Court ruled, however, that the question of whether the skirt accommodation was an undue hardship remained a question for the jury.  (*Id.* at 60.) On January 21 and 22, 2016, the EEOC filed two motions pursuant to Fed. R. Evid. 702, requesting that the expert opinions of Matthew Lykins and Dr. Nancy Grugle be excluded from trial. (Doc. ## 192, 193.)  These two experts were hired by Defendant to opine on safety hazards; specifically, Mr. Lykins' testimony would relate to the safety

hazards associated with loose clothing in the airport environment, while Dr. Grugle's would relate to the potential dangers of wearing long skirts while using jetway stairs. (*See id.*)

The instant Motion indicates that the parties have reached a final agreement in which Plaintiffs stipulated to withdraw their skirt accommodation claims (although the hijab accommodation claims will remain for trial), and Intervenors stipulated to withdraw their sex-plus-religion discrimination claims. Additionally, Defendant stipulated that it will not call Matthew Lykins or Dr. Nancy Grugle as witnesses at trial, and Plaintiffs stipulate they will not call Jayme Scrifes or Dr. J.P. Purswell as witnesses at trial. As a result, both parties seek the Final Pretrial Order to be amended accordingly. The parties also note that this trial will be accelerated without the skirt accommodation and sex-plus-religious discrimination claims.

## II.  ANALYSIS

### A.  Legal Standard

The Tenth Circuit reviews a district court's decision regarding the amendment of a final pretrial order for an abuse of discretion. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). Federal Rule of Civil Procedure 16(e) provides that final pretrial orders may be amended "only to prevent manifest injustice," but, as the Tenth Circuit recently explained,

> Even that standard isn't meant to preclude any flexibility – trials are high human dramas; surprises always emerge; and no judge worth his [or her] salt can forget or fail to sympathize with the challenges the trial lawyer confronts. For all our extensive pretrial procedures, even the most meticulous trial plan today probably remains no more reliable a guide than

the script in a high school play – provisional at best and with surprising
deviations guaranteed.

*Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015) (citing *Sill Corp. v. United States*,

343 F.2d 411, 420 (10th Cir. 1965) (pretrial orders should not be treated as "hoops of

steel")); see also *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002)

(quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)) ("Because the

issues and defenses of the lawsuit are defined by the terms of the [final pretrial] order,

'total inflexibility is undesirable'"); Fed. R. Civ. P. 1 (noting that the Federal Rules of Civil

Procedure "should be construed, administered, and employed by the court and the

parties to secure the just, speedy, and inexpensive determination of every action and

proceeding").

The Tenth Circuit considers[1] the following factors in deciding whether the district

court abused its discretion: "(1) prejudice or surprise to the party opposing trial of the

issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the

new issue; and (4) bad faith by the party seeking to modify the order."  *Davey v.

Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002) (quoting *Koch*, 203 F.3d

at 1222)).  It also considers the timeliness of the movant's motion to amend the order.

*See Koch*, 203 F.3d at 1223.

---

[1] In *Koch*, the Tenth Circuit recognized that a district court is not **required** to consider these
factors in adjudicating a motion to amend the pretrial order, and that "the district court's failure to
make explicit findings under these four factors does not render its decision an abuse of
discretion."  203 F.3d at 1222 n.10.

**B. Application**

Having considered both the facts of the instant case and that the instant Motion is unopposed, the Court believes that amendment of the final pretrial order is warranted. The first, second, and fourth of the *Koch* factors are simply irrelevant here; specifically, there is no prejudice or surprise to either party, nor is there an indication of bad faith, as the requested modification is the result of the parties' own agreement. Additionally, far from disrupting the orderly and efficient trial in this case, the parties' proposed amendments would streamline and shorten the trial considerably. Finally, the parties filed this Motion well before trial began. For all of these reasons, the Court believes that it would be in the interest of the justice to amend the Final Pretrial Order.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the parties' Joint Motion for Leave to File Proposed Amended Final Pretrial Order and Withdraw the EEOC's Fed. R. Evid. 702 Motions to Exclude the Opinions of Two of Defendant's Experts. (Doc. # 206.) It is

FURTHER ORDERED that the Plaintiffs' Rule 702 Motion to Strike Opinions of JetStream's Expert Matthew Lykins (Doc. # 192) and the Plaintiffs' Rule 702 Motion to Exclude Expert Testimony of Dr. Nancy Gruble (Doc. # 193) are HEREBY WITHDRAWN. It is

FURTHER ORDERED that the final pretrial order (Doc. # 147) is HEREBY VACATED, and the parties are directed to confer and submit a revised final pretrial order incorporating the amendments outlined in the instant Motion, including a new estimated trial time, on or before March 30, 2016. It is

FURTHER ORDERED that, in accordance with CMA Civ. Practice Standard 43.1B, the parties should submit a joint exhibit list eliminating any exhibits they agree are no longer relevant.  Per CMA Civ. Practice Standard 43.1B(c)(2), the exhibit lists are currently due on March 24, 2016 (seven days before the Final Trial Preparation Conference, set for March 31, 2016).  However, in light of today's Order, the parties may submit the joint exhibit list on or before March 30, 2016.

DATED:   March 23, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge