**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02340-CMA-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

SAFIA ABDULLE ALI,
SAHRA BASHI ABDIRAHMAN,
HANA BOKKU,
SADIYO HASSAN JAMA, and
SAIDA WARSAME, a/k/a AMINO WARSAME,

      Plaintiff Intervenors,

v.

JETSTREAM GROUND SERVICES, INC.,

      Defendant.

---

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND PRETRIAL ORDER

---

    This matter is before the Court on Plaintiffs' Motion to Amend Pretrial Order.

(Doc. # 236.)  For the reasons described below, the Court denies the instant Motion.

## I.  BACKGROUND

    Plaintiffs' Motion requests that the Court amend the Final Pretrial Order

governing this case for the second time, eleven days before trial begins.  Specifically,

Plaintiffs seek leave to amend the Final Pretrial Order's witness list, to include two

former managers of JetStream, Marc Rainieri and Ela Rodriguez, both of whom were

terminated by JetStream in October of 2015.  Mr. Rainieri and Ms. Rodriguez

subsequently filed EEOC charges against JetStream, alleging that they were fired in

retaliation a few months after complaining about discriminatory comments made by

Defendant's Director of Human Resources, Mariela Feliciano, including her alleged

statement that all JetStream's Muslim employees are liars.  Mr. Rainieri and Ms.

Rodriguez allegedly complained about Ms. Feliciano's comments to JetStream Co-

owner, Marc Desnoyers, when he was on site at JetStream's DIA facility.  (Doc. # 236 at

2.)  Plaintiffs note that "EEOC's counsel learned about the[se] witnesses on Saturday,

March 26, 2016, and immediately notified both Defendant and the Court." (*Id.* at 1.)[1]

Additionally, Plaintiffs' Motion asserts that Mr. Rainieri's and Ms. Rodriguez's testimony

"is relevant to the anti-Muslim animus alleged in this case." (*Id.* at 6.)

　　　Defendant's Response notes that, although Ms. Feliciano and Mr. Desnoyers are

currently included as "will call" witnesses on the Amended Final Pretrial Order (*see* Doc.

# 246 at 19–20), permitting Mr. Rainieri's and Ms. Rodriguez's testimony would require

it to elicit responsive testimony not only from Ms. Feliciano and Mr. Desnoyers, but also

from three additional witnesses who were also not included in the Final Pretrial Order,

as well as require the admission of "numerous amounts" of new exhibits (in addition to

---

[1] Plaintiffs argue that they would have been able to move to amend the Final Pretrial Order earlier than March 26, 2016, had Defendant complied with its discovery obligation to provide them with information relating to "every employee of or applicant to Defendant at Denver International Airport who  made a complaint of discrimination" from 2008 to the present. (*See* Doc. # 236-2 at 10.)  Defendant counters that the **EEOC itself** received notice of the witnesses' charges of discrimination in November of 2015, such that "**Plaintiff EEOC** had knowledge of these new witnesses and their proposed testimony in November 2015, **but chose not to amend until now**." (Doc. # 251-8 at 2) (emphasis added).  Because it denies Plaintiffs' Motion for reasons unrelated to the timeliness of the Motion, the Court need not determine whether the notice to the EEOC generally in Mr. Rainieri's and Ms. Rodriguez's charges was adequate to provide notice to the EEOC's counsel.

the already 1300+ exhibits already appearing on the Joint Exhibit List in this case).

(Doc. # 251-8 at 6.)

## II. ANALYSIS

### A. Legal Standard

The Tenth Circuit reviews a district court's decision regarding the amendment of a final pretrial order for an abuse of discretion. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). Federal Rule of Civil Procedure 16(e) provides that final pretrial orders may be amended "only to prevent manifest injustice." The Tenth Circuit considers[2] the following factors in deciding whether the district court abused its discretion: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002) (quoting *Koch*, 203 F.3d at 1222)). It also considers the timeliness of the movant's motion to amend the order. *See Koch*, 203 F.3d at 1223.

### B. Application

For a variety of reasons, the Court denies this Motion. First and foremost, the Court concludes that the testimony that Plaintiffs seek to offer through Mr. Rainieri and Ms. Rodriguez – i.e., testimony about Ms. Feliciano's single, isolated remark that all of

---

[2] In *Koch*, the Tenth Circuit noted that a district court is not required to consider these factors in adjudicating a motion to amend the pretrial order, and that "the district court's failure to make explicit findings under these four factors does not render its decision an abuse of discretion." 203 F.3d at 1222 n.10.

JetStream's Muslim employees are liars[3] – would be inadmissible under Tenth Circuit law as a "stray remark."  The Tenth Circuit has specifically held that "stray racial comments **should typically not be admitted** unless the plaintiff can link them to personnel decisions or the individuals making those decisions."  *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 856 (10th Cir. 2000) (emphasis added); *see also Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1457 (10th Cir. 1994) (requiring causal nexus between isolated comments and adverse employment action); *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531(10th Cir. 1994) ("Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in [adverse employment] decisions.").

Not only do the personnel decisions at issue in the instant case relate to entirely different individuals (i.e., to Plaintiff-Intervenors and Amina Oba, **not** to Mr. Rainieri or Ms. Rodriguez), Ms. Feliciano's single alleged statement also occurred approximately **six years after** the personnel decisions here, which occurred in October of 2008 (with respect to Plaintiff-Intervenors failure-to-hire claim) and February of 2009 (with respect to Ms. Oba's layoff).  *See Heno*, 208 F.3d at 856 (emphasis added) (quoting *Simms v. Oklahoma*, 165 F.3d 1321, 1330 (10th Cir. 1999)) ("The district court should carefully scrutinize the time frame in which other alleged acts of discrimination occurred. Discriminatory incidents which occurred either several years before the contested action **or anytime after** are 'not sufficiently connected to the employment action in question to

---

[3] Although the Court recognizes that Mr. Rainieri and Ms. Rodriguez could (at least potentially) testify about other relevant issues in this case, its analysis is limited to the description of the testimony provided in Plaintiffs' Motion.  (*See* Doc. # 236.)

demonstrate pretext.'").   Plaintiffs make no attempt to tie Ms. Feliciano's alleged statement to the personnel decisions at issue in this case, other than to generally assert that the statement is relevant to show that there was "anti-Muslim animus" at JetStream. However, the mere fact that Plaintiff-Intervenors and Ms. Oba are Muslim and Ms. Feliciano's alleged comment was discriminatory simply does not demonstrate any kind of "causal nexus" between that comment and a personnel decision which occurred six years earlier, to entirely different employees.  Accordingly, it would be fruitless to add Mr. Rainieri or Ms. Rodriguez to the Final Pretrial Order because the testimony they would offer would be inadmissible in any case.

The Court also denies Plaintiffs' Motion for the separate and independent reason that it would significantly disrupt the orderly and efficient trial of this case and be prejudicial to Defendant.  If Mr. Rainieri and Ms. Rodriguez were added to the Final Pretrial Order, JetStream would effectively be required to engage in a "mini side trial" about the circumstances surrounding their terminations (which, again, are not at issue in this case).  This "mini side trial" will require JetStream not only to cross examine Mr. Rainieri and Ms. Rodriguez, but also to add three new witnesses of its own – as well as additional exhibits – in an attempt to ameliorate the prejudice resulting from Mr. Rainieri's and Ms. Rodriguez's late addition to the Final Pretrial Order.  In addition to delaying the proceedings, this "mini side trial" poses a significant risk of distracting or confusing the jury from the actual claims that are to be tried in this case.  Although Plaintiffs claim that there should be no prejudice or surprise to JetStream because it has known about these witnesses since November of 2015, it is undisputed that the

witnesses did not appear on the Final Pretrial Order, and thus there would have been no reason for Defendant to have been preparing for this "mini side trial."  Given that Plaintiffs made this request merely eleven days before trial, the Court agrees with JetStream that it will not be able to sufficiently ameliorate the prejudice resulting from the addition of these witnesses at this very late juncture.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion to Amend Pretrial Order (Doc. # 236) is hereby DENIED.

DATED:   April 6, 2016                    BY THE COURT:


_____
CHRISTINE M. ARGUELLO
United States District Judge